IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RORY SHANE DAVIS, SR.,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>PAUL REES–PHYSICIAN, "JOHN DOE" HEALTHCARE CORPORATION, SPECIAL NEEDS COMMITTEE and CATHY REDFERN,[1]<br><br>　　　Defendants. | CV 18-00040-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court is Defendant Cathy Redfern's Motion for Summary Judgment. (Doc. 14.) Mr. Davis, a former prisoner, proceeding without counsel, filed a Complaint alleging a denial of medical during his incarceration at Montana State Prison (MSP). He subsequently filed a motion to amend to add Cathy Redford as a Defendant. (Doc. 7.) The Court granted the motion and required Defendants to respond to the Complaint. (Doc. 10.)

Defendants represent that there is no Cathy Redford employed at MSP. Defendants represent and Mr. Davis has not disputed that Mr. Davis is referring to

---

[1] The case style has been amended to reflect that the correct name of Defendant Cathy Redford is Cathy Redfern.

1

former Medical Services Administrator Cathy Redfern. The Clerk of Court will be directed to correct the docket and change "Cathy Redford" to "Cathy Redfern." Ms. Redfern ended her employment at MSP on March 4, 2016 and Mr. Davis did not arrive at MSP until April 19, 2017. As such, Ms. Redfern moves for summary judgment.

By notice provided on December 21, 2018 (Doc. 17), Mr. Davis was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Mr. Davis did not respond to Ms. Redfern's motion. A failure to file any opposition to a motion for summary judgment, however, does not relieve the moving party of its obligation to meet its burden of showing its entitlement to judgment as a matter of law. *See N. Slope Borough v. Rogstad*, 126 F.3d 1224, 1227-28 (9th Cir. 1997) (holding that the trial court erred by resting its grant of summary judgment on the opposing party's failure to file a response).

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is undisputed that Mr. Davis first arrived at MSP on April 19, 2017 and that Ms. Redfern ended her employment

2

with the Montana Department of Corrections on March 4, 2016. (Statement of Undisputed Facts, Doc. 16 ("SUF") at ¶¶ 1, 3.)[2]

The Court has reviewed Ms. Redfern's motion and finds that there is no genuine issue of material fact because Mr. Redfern was not employed at Montana State Prison during Mr. Davis's incarceration there. The motion should be granted and Ms. Redfern should be dismissed from this action.

Based upon the foregoing, the Court issues the following:

## ORDER

The Clerk of Court is directed to edit the docket to indicate the proper name of Defendant Cathy Redford is Cathy Redfern.

Further, the Court issues the following:

## RECOMMENDATIONS

Defendant Redfern's Motion for Summary Judgment (Doc. 14) should be GRANTED and Ms. Redfern should be DISMISSED as a Defendant in this action.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

---

[2] Pursuant to Local Rule 56.1(d), Mr. Davis's failure to file a statement of disputed facts is deemed an admission that no material facts are in dispute.

3

within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the district court's final judgment.

DATED this 31st day of January, 2019.

                                                */s/ John Johnston*
                                                John Johnston
                                                United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Davis is being served by mail, he is entitled an additional three days after the period would otherwise expire.